IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. STRONG,

Plaintiff,

v.

WALMART,

Defendant.

Case No. 15-cv-289-pp

**ORDER DENYING PLAINTIFF'S DECEMBER 9, 2015
MOTION ASKING THE COURT TO REQUIRE THE DEFENDANT TO
PROVIDE MEDICAL RECORDS (DKT. NO. 32)**

**I. PLAINTIFF'S MOTION FOR A HEARING (DKT. NO. 30)**

On November 19, 2015, Michael Strong, representing himself, filed a motion for a hearing. Dkt. No. 30. In the motion, the plaintiff alleged that he had requested his "personnel file records" from the defendant, including any documents that might contain his "medical information," which the plaintiff had used "to inform" the defendant of his medical "conditions, all Family Medical Leaves [sic], [and] all ADA reasonable accommodations requests." Id. According to the plaintiff, the defendant had not responded to the request in accordance with the Federal Rules of Civil Procedure.

On December 2, 2015, the court held a hearing on the plaintiff's motion. Dkt. No. 31. The court noted in the minutes of the hearing that counsel for the defendant had explained that "that over ten years ago, the plaintiff had filed two other lawsuits against the defendant." Id. at 1. Although "those suits had

1

not been completed," counsel interpreted the plaintiff's discovery request as asking for "records dating back to the ten-year-old lawsuits." Id. The defendant challenged the relevance of those documents, because "the plaintiff had not alleged disability discrimination in the current complaint." Id. The plaintiff responded "that he had filed the current suit alleging retaliation and discrimination based on disability." Id.

During the hearing, the court reviewed the plaintiff's complaint. The complaint, filed on March 16, 2015, Dkt. No. 1, included a civil cover sheet, Dkt. No. 1-2. According to the court:

> In section IV of the cover sheet, "Nature of Suit *(Place an "X" in One Box Only)*," the plaintiff had marked two boxes—the box next to "Amer. w/Disabilities Employment," and the box next to "Amer. w/Disabilities Other." In section V of the cover sheet, "Cause of Action," the plaintiff had indicated that the statute under which he was filing was "Disability and retaliation—violation of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964 as amended." In describing the case, the plaintiff had written "Disability discrimination and retaliation."

Dkt. No. 31 at 1-2. "In the complaint itself, however, the plaintiff had not made any mention of disability discrimination." Id. at 2. The complaint contained a "one-paragraph claim," that described the plaintiff's belief that the defendant rescinded a job offer because the plaintiff "'had filed previous complaints regarding race discrimination, disability and retaliation with EEOC and Equal Rights Division.'" Id. (quoting Dkt. No. 1 at 4).

After the court reviewed those facts at the December 2, 2015 hearing, the plaintiff stated "that he meant to file a discrimination claim, and that the civil

2

cover sheet showed that that had been his intent." Id. The court explained "that the civil cover sheet was an administrative document used by the clerk's office," but that the court and the defendant relied on the complaint to determine what "the defendant had done to injure him." Id. Based on the discussions at the hearing, the court concluded "that the plaintiff's 2015 complaint alleged only one cause of action—a claim that the defendant had refused to hire him in 2014 in retaliation for his grievances filed ten or more years before—and that medical and disability records weren't relevant to that claim." Id. The court noted, however, "that if [the plaintiff] went back and reviewed his papers in this case, and found something that . . . caused him to think the medical and disability records were relevant to this case, [he] could file a motion asking the court to require the defendant to provide the records." Dkt. No. 31 at 2.

## II.  PLAINTIFF'S MOTION FOR RECONSIDERATION

On December 9, 2015, a week after that hearing, the plaintiff filed a motion asking the court to require the defendant to provide medical records. Dkt. No. 32. The court interprets this as a motion to reconsider the ruling made at the December 2, 2015 hearing. In the motion, the plaintiff recounts the alleged facts giving rise to the complaint and emphasizes his intention to bring claims both for retaliation and for discrimination, pointing to the boxes he checked and statements he made on the civil cover sheet,. Id. at 1-2.

The plaintiff also asserts that the defendant has acknowledged his discrimination claim. Id. at 2. Quoting from the defendant's answer to the complaint, Dkt. No. 7, the plaintiff asserts that the defendant, in the "Eighth

3

Defense" and "Ninth Defense," recognized "both the retaliation and the Americans with Disabilities charges." Dkt. No. 32 at 2. The plaintiff also alleges that the defendant acknowledged his disability discrimination claim in its response to the plaintiff's motion for default judgment. Dkt. No. 32 at 3 (referencing Dkt. No. 20). Therefore, the plaintiff asks the court "to acknowledge both charges and grant The Plaintiff the right to the medical records the Defendant has." Dkt. No. 32 at 3.

A. <u>Legal Standard for a Motion for Reconsideration</u>

"A motion for reconsideration serves a very limited purpose in federal civil litigation." <u>Williams v. Miscichoski</u>, No. 06-C-1124, 2008 WL 2810482, at *1 (E.D. Wis. July 21, 2008) (citations omitted). Courts grant the motion only "'to correct manifest errors of law or fact or to present newly discovered evidence.'" <u>Rothwell Cotton Co. v. Rosenthal & Co.</u>, 827 F.2d 246, 251 (quoting <u>Keene Corp. v. Int'l Fidelity Ins. Co.</u>, 561 F. Supp. 656 (N.D. Ill. 1982), <u>aff'd</u>, 736 F.2d 388 (7th Cir. 1984)). "[A]ny nonfinal decision or order is subject to revision at any time before the entry of judgment," but "such revisions are discouraged." <u>Miscichoski</u>, 2008 WL 2810482, at *1 (citing Fed. R. Civ. P. 54(b)). "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" <u>Christianson v. Cold Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988) (quoting <u>Arizona v. California</u>, 460 U.S. 605, 618 n.8 (1983)). Prevailing on a motion for

reconsideration is "an uphill battle." <u>United Air Lines, Inc. v. ALG, Inc.</u>, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

    B.    <u>Because the plaintiff has not shown a "manifest error of law or fact," nor has he "presented newly discovered evidence," the court will deny his motion for reconsideration.</u>

The Americans with Disabilities Act ("ADA") prohibits discrimination because of a disability *and* it prohibits retaliation for complaining of such discrimination. But, bringing a complaint under the ADA does not automatically implicate two claims: one for discrimination and one for retaliation. If a plaintiff wants to bring those two claims, he must specifically allege them in his complaint.

In order to bring a claim for discrimination under the ADA, the plaintiff must allege three "elements: (1) that he is disabled within the meaning of the ADA, (2) that he is qualified to perform the essential functions of his job either with or without reasonable accommodation, and (3) that he suffered from an adverse employment action because of his disability." <u>Kersting v. Wal-Mart Stores, Inc.</u>, 250 F.3d 1109, 1115 (7th Cir. 2001) (citing <u>Bekker v. Humana Health Plan, Inc.</u>, 229 F.3d 662, 669 (7th Cir. 2000) (citing 42 U.S.C. §12112(a))).

The plaintiff's complaint does not meet the requirements for a discrimination claim. While it includes a statement that he left his job at Sam's Club because he "had problems with the company regarding [his] disability," Dkt. No. 1 at 4, the complaint does not define the disability within the meaning

5

of the ADA, and it does not include allegations regarding the plaintiff's ability to perform the essential functions of the job or reasonable accommodations.

In the motion to reconsider, however, the plaintiff argues that the defendant clearly realizes that it was being sued for discrimination, because it referenced that cause of action both in its answer and in its motion for default judgment. The court does not agree.

In the answer, the defendant stated:

### EIGHTH DEFENSE

> Plaintiff's request for damages is barred or limited by the Americans with Disabilities Act, the United States Constitution, the Wisconsin Constitution, and/or any other applicable statute or law.

### NINTH DEFENSE

> Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims or allegations are barred by the applicable statute of limitations, and Defendant would have taken the same actions even in the absence of some alleged retaliatory motive.

Dkt. No. 7 at 4.

It is true that the defendant mentions the Americans with Disabilities Act in its eighth affirmative defense. But the defendant mentions that statute in a catch-all defense that says that any damages the plaintiff requests are barred by the Constitution and federal law generally. The answer does not specifically respond to the elements of a discrimination claim—it does not argue that the plaintiff is or isn't disabled as defined by the ADA; it does not argue that he is or is not able to perform his job duties with or without reasonable

accommodation; and it does not argue whether he did or did not suffer adverse employment consequences due to the disability. If the defendant believed that the plaintiff had brought an ADA discrimination claim in his complaint, the defendant would have had to respond to those elements. It did not. It simply stated that any claim for damages the plaintiff might have is barred by law. While it may have muddled the issue by mentioning the ADA, the court finds that the answer does not indicate that the defendant knew it was being sued for discrimination under the ADA or any other statute.

The plaintiff also argues that the defendant knew it was being sued for discrimination because it acknowledged that fact in its response to his motion for default judgment. Dkt. No. 32 at 3. He bases this argument on the following statement in the October 6, 2015 response to the motion for default judgment: "In his judicial complaint, Plaintiff alleges that Defendant subjected him to unlawful retaliation in violation of Title VII and the Americans with Disabilities Act." Dkt. No. 23 at 1. It is not clear to the court how this is an acknowledgment by the defendant that it was being sued for *discrimination*. The defendant does not mention *discrimination*; it mentions only *retaliation*. It acknowledges only that the plaintiff has sued it for *retaliation* under the ADA. This statement does not indicate to the court that the defendant realized it was being sued for *discrimination.*

Finally, as the court tried to explain to the plaintiff at the December 2 hearing, any alleged discriminatory job action the defendant might have committed against the defendant would have occurred a decade or so ago. This

7

means that the statute of limitations has run on his discrimination claim. Even if he HAD clearly alleged the discrimination claim in his complaint, it would be time-barred.

At the December 2, 2015 hearing, the plaintiff insisted several times that the defendant had acknowledged that it was being sued for discrimination. He stated, however, that he didn't have the documents in front of him that showed that. The court told the plaintiff that if he found those documents, he could file a motion asking the court to reconsider. His December 9 motion was that request. But the documents the plaintiff points to don't say what he seems to think they say, and the court sees no indication that the defendant was aware that it was being sued for discrimination until the plaintiff began demanding medical records. This motion does not change the court's mind; the medical records relating to the defendant's alleged discrimination back in 2005 are not relevant to the only claim he has raised in this case: retaliation.

The court **DENIES** the plaintiff's motion to require the defendant to provide medical records (Dkt. No. 32).

Dated in Milwaukee, Wisconsin this 14th day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge